UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DAWN RAGLAND,           :
                        :
      Plaintiff,   :
                        :    **REPORT AND RECOMMENDATION**
  -against-           :
                        :    20 Civ. 2002 (EK) (VMS)
                        :
DIONNE COULTER, DAVID A. HANSELL,   :
NEW YORK CITY ADMINISTRATION FOR    :
CHILDREN'S SERVICES, CITY OF NEW    :
YORK, BILL De BLASIO, RACHELLE      :
SOKUL-COOK, LOUISE M. LINGAT and    :
CHINYERE U. EZE-NLIAM,              :
                        :
      Defendants.   :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

      In connection with the removal of her child I.R. from her custody, pro se Plaintiff Dawn Ragland ("Plaintiff") brings various claims against Defendants City of New York ("City of New York" or "City"), City Mayor Bill de Blasio ("de Blasio"), City Administration for Children's Services ("ACS"), ACS Commissioner David A. Hansell ("Hansell"), Rachelle Sokul-Cook, Louise M. Lingat, Chinyere U. Eze-Nliam and Dionne Coulter.  See ECF No. 1 ("Compl"). Plaintiff's claims are brought pursuant to: (1) 42 U.S.C. § 1983, alleging violations of her rights to due process and equal protection of the law as guaranteed by the United States Constitution, see Compl. ¶¶ 1, 24-25; (2) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), alleging violation of her right to be free from discrimination on the basis of race, see id. ¶¶ 26-28; and (3) various New York laws, alleging violations of her rights to be free from, inter alia, race discrimination, tortious trespass and the "deprivation and alienation of her fundamental right of parenthood[,]" id. ¶¶ 29-31.  Before the Court, on referral from the Honorable Eric R. Komitee, is Defendants' motion to dismiss Plaintiff's federal claims for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the event Plaintiff's federal claims are dismissed, to dismiss her state claims for lack of jurisdiction. See ECF No. 15; see also ECF Nos. 16-17. For the reasons that follow, I respectfully recommend that the District Judge grant Defendants' motion to dismiss Plaintiff's federal claims and decline to exercise supplemental jurisdiction over her state law claims. See ECF No. 15. In the event the District Judge adopts this recommendation, I further recommend that Plaintiff be granted leave to file an amended complaint within thirty days of that Order to address any curable legal and factual deficiencies identified in this report. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated").

**I.  Factual Background**

The following facts are derived from Plaintiff's complaint and are taken as true for the purposes of this motion. See Compl.

Plaintiff is the biological mother of I.R., who was born in 2013. See id. ¶ 6.

At all relevant times, Defendant City of New York has been a municipal corporation, and Defendant de Blasio its mayor. See id. ¶¶ 9-10. Defendant ACS is an agency of Defendant City of New York, and Defendant Hansell its Commissioner. See id. ¶ 8. Defendants Sokul-Cook, Lingat and Eze-Nliam are ACS employees. See id. ¶ 11. Defendant Coulter is not an ACS employee but a private foster parent whose relevant actions have been, according to Plaintiff, "entwined" with those of other Defendants. See id. ¶¶ 1, 7, 12-13.

Plaintiff alleges that on April 12, 2020, ACS employee Individual Defendants and private Defendant Coulter colluded to remove I.R. from Plaintiff's custody without lawful cause to place

him in Defendant Coulter's custody as a foster parent. See id. Plaintiff alleges that all Defendants used "fabricated suppositions and lies to institute and cause parental alienation acting under color of authority and law without due process of law" and that Defendant Coulter received financial compensation. See id. ¶¶ 12-13, 17. Plaintiff alleges that since I.R.'s removal, he has remained in Defendant Coulter's custody, and Defendants have not made any attempt to reunite Plaintiff and I.R. See id. ¶¶ 7, 13, 15, 17, 20.

According to Plaintiff, Defendant ACS and Defendant Hansell have a policy of removing African-American children from their families without lawful cause. See id. ¶ 19. Plaintiff further alleges that Defendant City's actions and conduct toward her were motivated by racial animus and with racial discriminatory intent. See id. ¶ 27.

Plaintiff brings claims in connection with her factual allegations pursuant to: (1) 42 U.S.C. § 1983, alleging violations of her rights to due process and equal protection of the law as guaranteed by the United States Constitution, see id. ¶¶ 1, 24-25; (2) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), alleging violation of her right to be free from discrimination on the basis of race, see id. ¶¶ 26-28; and (3) various New York laws, alleging violations of her rights to be free from, inter alia, race discrimination, tortious trespass and the "deprivation and alienation of her fundamental right of parenthood[,]" see id. ¶¶ 29-31.

## II. Procedural History

In response to Plaintiff's complaint, Defendants filed an opposed pre-motion conference letter seeking the Court's leave to move to dismiss Plaintiff's complaint. See ECF Nos. 1, 12-13. At related proceedings, the Court granted Defendants' pre-motion conference motion and set a briefing schedule. See ECF No. 14. Defendants moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's complaint. See ECF No. 15. Plaintiff opposed, see ECF No. 16; Defendants replied,

3

see ECF No. 17; and the Honorable Eric R. Komitee referred Defendants' motion to the undersigned for report and recommendation.

## III. Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 566 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citation omitted); see Rothstein v. UBS AG, 708 F.3d 82, 94 (2d Cir. 2013). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks & citations omitted); see Thompson v. United States, 795 F. App'x. 15, 17 (2d Cir. Nov. 22, 2019).

## IV. Discussion

### a. Plaintiff's Claims Against Defendant De Blasio In His Official And Individual Capacities Should Be Dismissed

In addition to Plaintiff's claims against Defendant City of New York, which this Court will analyze in Sections IV.c-f, infra, Plaintiff alleges claims against Defendant de Blasio, the

4

Mayor of Defendant City of New York, in his official capacity. This is "essentially a suit against the [Defendant City], because in a suit against a public entity, naming officials of the public entity in their official capacities 'add[s] nothing to the suit.'" Davis v. Stratton, 360 F. App'x 182, 183 (2d Cir. Jan. 11, 2020) (quoting Gernetzke v. Kenosha Unified Sch. Dist. No. 1, 274 F.3d 464, 466 (7th Cir. 2001)); see Phillips v. Cnty. of Orange, 894 F. Supp. 2d 345, 385 n.35 (S.D.N.Y. 2012) ("Within the Second Circuit, where a plaintiff names both the municipal entity and an official in his or her official capacity, district courts have consistently dismissed the official capacity claims as redundant.") (collecting cases). Further, the Office of the Mayor is not a suable entity under New York State Law. See N.Y. City Charter, Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008) (noting that "Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued"). Plaintiff's claims against Defendant de Blasio in his official capacity thus should be dismissed. See McIver v. Yonkers City Police Dep't Riverdale Ave., No. 20 Civ. 6061 (LLS), 2020 WL 5849467, at *2 (S.D.N.Y. Sept. 30, 2020) (dismissing claims against city mayor's office because city agencies or departments do not have the capacity to be sued under New York law); Szil v. de Blasio, No. 17 Civ. 6965 (CM), 2017 WL 11490683, at *4 (S.D.N.Y. Oct. 27, 2017) (dismissing claims against defendant mayor in his official capacity where the plaintiff named the city as a defendant). As for Plaintiff's Section 1983 claims against Defendant de Blasio in his individual capacity, they should also be dismissed for failing to allege his personal involvement in any of the events at issue. See Section IV.c.i, infra (discussing the failure of Plaintiff's complaint to

5

plead the personal involvement of Individual Defendants); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983.") (citation & internal quotation marks omitted); Levantino v. Skala, 56 F. Supp. 3d 191, 207 (E.D.N.Y. 2014).  The same is true to the extent Plaintiff intended to plead a Title VI claim against Defendant de Blasio in his individual capacity, given that Title VI claims are brought against institutional, and not individual, defendants.  See Section IV.e, infra (analyzing Title VI's elements).

In light of the foregoing, Plaintiff's claims against Defendant de Blasio should be dismissed.

### b. Plaintiff's Claims Against Defendant ACS And Against Defendant ACS Employees Hansell, Sokul-Cook, Lingat And Eze-Nliam In Their Official Capacities Should Be Dismissed

"ACS is not a suable entity, and claims against ACS workers in their official capacities are deemed to be claims against ACS."  Worrell v. City of New York, No. 12 Civ. 6151 (MKB), 2014 WL 1224257, at *3 (E.D.N.Y. Mar. 24, 2014) (collecting cases); see N.Y. City Charter, Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Friedman v. N.Y.C. Admin. for Child. Servs., 502 F. App'x 23, 27 n.3 (2d Cir. Nov. 6, 2012) (stating that ACS is not a suable entity); Kurtz v. Hansell, No. 20 Civ. 3401 (PAE), 2021 WL 1143619, at *8 (S.D.N.Y. Mar. 24, 2021) (granting Rule 12(b)(6) motion to dismiss ACS as a defendant).  In light of the foregoing, Plaintiff's claims against Defendant ACS and Defendant ACS employees Hansell, Sokul-Cook, Lingat and Eze-Nliam in their official capacities should be dismissed in their entirety.

### c. Plaintiff's Section 1983 Due Process Claims Should Be Dismissed

#### i. Plaintiff Does Not Allege A Due Process Claim Generally

In order to state a claim for a procedural due process violation, a plaintiff must allege that a defendant deprived her of a protected liberty interest without following constitutionally mandated procedures. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972). A parent has a constitutionally protected interest in maintaining custody of his or her child. See Stanley v. Illinois, 405 U.S. 645, 651-52 (1972). Although a parent may not be constitutionally deprived of custody without a hearing "at a meaningful time and in a meaningful manner[,]" Armstrong v. Manzo, 380 U.S. 545, 552 (1965), "'in emergency circumstances, a child may be taken into custody by a responsible State official without court authorization or parental consent[,]'" Southerland v. City of New York, 680 F.3d 127, 149 (2d Cir. 2012) (quoting Tenenbaum v. Williams, 193 F.3d 581, 596–97 (2d Cir. 1999)). To demonstrate that emergency circumstances existed, the government must offer objectively reasonable evidence that harm was imminent, see Southerland, 680 F.3d at 149 (citation & internal quotation omitted), an inquiry which asks whether "the officer had a reasonable basis for concluding at the time of removal that it was necessary based on emergency circumstances[,]" P.A. v. City of New York, 44 F. Supp. 3d 287, 300-01 (E.D.N.Y. 2014); see Cook v. City of New York, 243 F. Supp. 3d 332, 347 (E.D.N.Y. 2017).

To establish a violation of substantive due process rights with respect to the removal of a child, "a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Southerland, 680 F.3d at 151 (internal citations & quotation marks omitted). "The interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not

7

countenance it even were it accompanied by full procedural protection." Id. Thus, in the child-removal context, the relevant inquiry is whether the removal "would have been prohibited by the Constitution even had the [plaintiffs] been given all the procedural protections to which they were entitled." Id. Applying this standard, courts have imposed liability only for "obvious extremes," such as knowingly making false statements, manufacturing evidence, or ignoring exculpatory information. Jones-Bey v. La Casse, No. 20 Civ. 9171 (LLS), 2020 WL 7343292, at *2 (S.D.N.Y. Dec. 10, 2020) (citing E.D. v. Tuffarelli, 692 F. Supp. 2d 347, 360 (S.D.N.Y. 2010)).

Here, Plaintiff's complaint contains only conclusory allegations that I.R.'s removal was "without due process," but lacks details that would allow the Court to understand Plaintiff's legal claims, inter alia, (i) whether I.R. was removed with court authorization and, if so, the time, place and substance of any pre-deprivation proceedings that gave rise to that authorization; (ii) whether I.R. was removed pursuant to claimed emergency circumstances and, if so, the time, place and substance of any related post-deprivation proceedings held in connection with that removal; or (iii) whether process was denied to Plaintiff. See Compl. ¶ 1. As a result, Plaintiff's procedural and substantive due process claims should be dismissed in their entirety. See Grullon v. Admin. for Child. Servs., No. 18 Civ. 3129 (LJL), 2021 WL 981848, at *5 (S.D.N.Y. Mar. 16, 2021) (finding that the plaintiff failed to state a procedural due process claim where family court issued a protective order at a pre-deprivation proceeding as to which the plaintiff had notice and opportunity to be heard, and dismissing claim); id. at *7 (finding that the plaintiff failed to allege a substantive due process violation where ACS worker's neglect petition relied upon allegedly untrue accusations made by the child's mother about the plaintiff's pre- and post-birth conduct) (collecting cases); Hagans v. Nassau Cnty. Dep't of Soc. Servs., No. 18 Civ. 1917 (JS) (AYS),

2020 WL 1550577, at *6 (E.D.N.Y. Mar. 31, 2020) (dismissing pro se plaintiff's procedural due process claim with leave to amend for failure to plead sufficient detail regarding the procedures challenged); id. at *5 (dismissing pro se plaintiff's substantive due process claim with leave to amend for failure to plead sufficient detail regarding the complaint); Charles v. ACS Kings, No. 16 Civ. 6589 (MKB), 2017 WL 384323, at *4 (E.D.N.Y. Jan. 25, 2017) (dismissing the pro se plaintiff's procedural due process claim with leave to amend due to its lack of allegations with particular detail about challenged proceedings); Trotman v. Louis, No. 15 Civ. 2575 (AMD) (RLM), 2016 WL 6906705, at *2 (E.D.N.Y. Nov. 22, 2016) (dismissing procedural due process claim for failure to state claim where the plaintiffs had actively participated in the challenged proceedings).

Plaintiff also fails to allege any Individual Defendant's personal involvement in the events at issue. See Compl., passim. For example, although Plaintiff claims that Defendants "fabricated suppositions and lies" against her in an undescribed proceeding, this cannot plausibly establish liability as to any particular Individual Defendant without more specific details regarding which Defendant fabricated what evidence and in what context. See id. ¶ 13. Plaintiff's due process claims against Individual Defendants should be dismissed for this reason. See Charles, 2017 WL 384323, at *3 (dismissing the plaintiffs' claims against "all ACS staff" due to failure to allege how "each member of the ACS staff personally participated in the alleged wrongful removal and deprivation of [the plaintiffs'] parental rights").[1]

---

[1] Defendants also argue that Defendants Sokul-Cook and Lingat enjoy absolute prosecutorial immunity from Plaintiff's action in reliance upon their counsel's declaration stating that they were attorneys who represented Defendant ACS in child protective proceedings commenced against Plaintiff in New York State Family Court. See ECF No. 15-2 at 4-6 (discussing Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)); id. at 6 (arguing that Defendants Sokul-Cook and Lingat are absolutely immune from suit because they "apparently engaged in the performance of quasi-prosecutorial functions") (emphases in original); Declaration of Copatrick Thomas, ECF

9

### ii. Plaintiff Does Not Sufficiently Allege That Defendant Coulter Acted Under Color Of State Law

Plaintiff's due process claim against Defendant Coulter should also be dismissed for failure to allege sufficiently that Defendant Coulter, I.R.'s foster parent—whom Plaintiff acknowledges is a private and non-government actor—acted under color of state law, which is an essential element of Section 1983 claims. See Compl. ¶¶ 1, 7, 12-13; 42 U.S.C. § 1983. Although as a general matter "Courts of Appeals that have examined whether foster parents are state actors under Section 1983 have resoundingly answered in the negative[,]" Smith v. Gristina, No. 11 Civ. 2371 (VB), 2012 WL 247017, at *3 (S.D.N.Y. Jan. 6, 2012) (collecting cases); see Dyer v. Fam. Ct., No. 16 Civ. 6876 (BMC) (RML), 2016 WL 7494864, at *4 (E.D.N.Y. Dec. 28, 2016) (dismissing Section 1983 claim against foster mother defendant because she "was acting as a private citizen, not as a state actor"), Plaintiff attempts to invoke an exception to the general exclusion of private conduct from Section 1983's reach by alleging in conclusory fashion that Defendant Coulter's unspecified actions in connection with undescribed events are fairly attributable to the state because they reflected that Defendant Coulter acted in collusion with

---

No. 15-1. Defendants have not shown why it would be proper for the Court to consider such extrinsic facts when Plaintiff's pleading does not establish them, and she submits a sworn affidavit stating that Defendants' acts "were investigative and administrative" in apparent reference to circumstances when absolute immunity does not apply to a prosecutor's non-prosecutorial activities. See ECF No. 16; Kalina v. Fletcher, 522 U.S. 118, 129-31 (1997) (finding that a prosecutor's execution of a certification of a determination of probable cause under penalty of perjury was not a prosecutorial activity entitled to absolute immunity); Hill v. City of New York, 45 F.3d 653, 662 (2d Cir. 1995) (finding that absolute immunity does not protect a prosecutor's "efforts to manufacture evidence that occur during the investigatory phase of a criminal case"); Liffiton v. Keuker, 850 F. 2d 73, 77 (2d Cir. 1988) (construing pro se complaint liberally to find that "[f]urther factual inquiry is necessary to determine whether the functions [the prosecutor defendants] performed entitle them to absolute immunity"). In light of this Court's recommendation that Plaintiff's claims be dismissed on other grounds, it finds that it need not reach these immunity questions at this juncture although they may be raised again in the event Plaintiff repleads.

ACS employee Individual Defendants or at their behest, see Compl. ¶¶ 1, 12.  This is insufficient to plausibly show that Defendant Coulter acted under color of state law for the purposes of Section 1983 liability.  See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private [defendant] acted in concert with a state actor does not suffice to state a [Section] 1983 claim against the private [defendant]."); Rice v. City of New York, 275 F. Supp. 3d 395, 403-06 (E.D.N.Y. 2017) (dismissing the plaintiffs' Section 1983 claims against private defendants for failure to meet the color-of-law element through conclusory allegations that would require speculation to credit).[2]

### iii.  Plaintiff Does Not Sufficiently Allege Defendant City's Liability

A Section 1983 plaintiff may seek to hold a municipality liable for the conduct of its employees below the policymaking level with allegations plausibly showing that the violation of his or her constitutional rights resulted from a municipal custom or policy.  See, e.g., Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).  Plaintiff tries to make such a due process claim here against the Defendant City, but fails because Monell "extends liability to a municipal organization where that organization's . . . policies or customs . . . led to

---

[2]  To the extent Plaintiff intended to bring a claim that Defendant Coulter and other Defendants conspired to deprive her of a constitutional right, which is not clear from her complaint apart from her use of certain words such as "collusion," see, e.g, ECF No. 1 ¶ 1, such a claim fails given that she has not sufficiently alleged any constitutional deprivation as to which Defendants conspired.  Plaintiff also has not alleged other elements of a conspiracy claim that are held to a heightened pleading standard.  See Rice, 275 F. Supp. 3d at 406 (dismissing the plaintiffs' Section 1983 conspiracy claims against private defendants because the plaintiffs' conclusory allegations failed to meet the heightened pleading standard pertaining to conspiracy elements); Khan v. City of New York, No. 14 Civ. 4665 (SLT) (VMS), 2016 WL 1128298, at *6 (Feb. 1, 2016) (finding that conspiracy held to a heightened pleading standard not met by the plaintiff's complaint which, inter alia, failed to allege with specificity that the state and private defendants had an agreement to violate her rights, when the conspiracy was formed or the defendants' concerted actions in furtherance of it), R&R adopted by 2016 WL 1192667 (E.D.N.Y. Mar. 17, 2016).

an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (emphasis in original) (affirming that Monell analysis unnecessary where the plaintiff's underlying due process claim had failed).  In other words, because Plaintiff has not plausibly alleged that she suffered a due process violation, see Sections IV.c.i-ii, supra, her allegation that the Defendant City has a policy that caused one relatedly fails, see Schultz v. Inc. Vill. of Bellport, 479 F. App'x 358, 360 (2d Cir. May 1, 2012) (finding that where the plaintiff had failed to establish an underlying violation of his constitutional due process rights, "his . . . Monell claim necessarily fail[s] as well").  Even assuming that Plaintiff had plausibly alleged that she suffered a due process violation, she has not identified any pertinent municipal policy.  See Compl., passim; Section III.c.ii, infra (analyzing the insufficiency of Plaintiff's conclusory allegation of a municipal policy for the purposes of a Section 1983 equal protection Monell claim); Qader v. New York, 396 F. Supp. 2d 466, 469 (S.D.N.Y. 2005) ("Plaintiff has not alleged a municipal policy or a causal connection and, therefore, her claim against the City must be dismissed."); see also Guy v. MTA N.Y.C. Transit, 407 F. Supp. 3d 183, 193 n.7 (E.D.N.Y. 2016) (finding it unnecessary to reach the issue of whether the plaintiff identified a municipal policy or custom pursuant to which challenged acts were performed where the plaintiff had not pleaded sufficient facts to show the claimed constitutional deprivations).

      **iv.   Conclusion**

In light of the foregoing, Plaintiff's due process claims pursuant to Section 1983 should be dismissed.

    **d.   Plaintiff's Section 1983 Equal Protection Claims Should Be Dismissed**

"The Equal Protection Clause of the Fourteenth Amendment protects members of a class who have been treated differently from similarly situated persons outside of that class." Yi Sun

v. N.Y.C. Police Dep't, No. 18 Civ. 11002 (LTS) (SN), 2020 WL 4530354, at *5 (S.D.N.Y. Aug. 6, 2020) (citing Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  To establish intentional or purposeful discrimination, "it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently."  Gagliardi v. Vill. of Pawling, 18 F.3d 188, 193 (2d Cir. 1994) (citations omitted).  To meet this standard, courts have held that pleadings must include factual details that move beyond conclusory or personal opinion allegations.  Compare LaBounty v. Adler, 933 F.2d 121, 123-24 (2d Cir. 1991) (finding that the African-American plaintiff inmate plausibly pleaded that he was treated differently from similarly situated white inmates with factual allegations that the white inmates arrived at the facility within one week of the plaintiff's arrival and were assigned to a work program assignment without having to take the same ninety-day training program as the plaintiff and that African-American inmates had not been assigned to the work program in the previous ten years) with Thomas v. City of New York, 143 F.3d 31, 37 (2d Cir. 1998) (affirming dismissal of the plaintiffs' equal protection claim resting on conclusory allegation of discriminatory intent); Morales v. New York, 22 F. Supp. 3d 256, 275 (S.D.N.Y. 2014) ("Plaintiff's conclusory allegations of disparate treatment and his personal opinion that such treatment was motivated by discriminatory intent are not enough to prevail on a [Section] 1983 claim for a violation of the Equal Protection Clause.") (citations omitted).  Plaintiff's conclusory allegation that Defendant City had a policy of removing African-American children from their families thus cannot sustain equal protection liability against the Defendant City for any allegedly discriminatory treatment pursuant to a policy or custom.  See Compl. ¶¶ 19, 27; Yi Sun, 2020 WL 4530354, at *4-5 (finding that the plaintiff's allegation of prejudicial "isolated acts" committed by municipal employees against her did not show existence of actionable municipal discriminatory treatment pursuant to "policy or

13

custom"). Plaintiff's conclusory allegation that other Defendants acted against her with racial animus is deficient for similar reasons. See Compl. ¶ 27. Even assuming the allegation to be true, it does not show that Plaintiff was "treated differently from a similarly situated non-[African-American] person." Yi Sun, 2020 WL 4530354, at *5 (finding that allegation of ACS employees' prejudice against the plaintiff as a Chinese person could not establish different treatment from a "similarly-situated non-Chinese person"); see Vaher v. Town of Orangetown, N.Y., 916 F. Supp. 2d 404, 434 (S.D.N.Y. 2013) (dismissing the plaintiff's equal protection claim where he did "not allege that he was treated differently from any identified individuals, let alone individuals who he claims were similarly situated to him in any respect) (emphasis in original); Dellutri v. Vill. of Elmsford, 895 F. Supp. 2d 555, 572 (S.D.N.Y. 2012) (dismissing the plaintiff's conclusory assertion that he was treated differently from other similarly situated property owners because it offered "no details regarding other similarly situated individuals"); see also Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills, 701 F. Supp. 2d 568, 603-04 (S.D.N.Y. 2010) ("[M]ore than a bare allegation that other [individuals] were treated differently is required" to survive a motion to dismiss.). Plaintiff invokes Yick v. Hopkins, 118 U.S. 356, 374 (1886), in support of her equal protection argument, but in that case, there was evidence demonstrating that a San Francisco building ordinance was enforced to deny only license applications submitted by Chinese laundry operators. Although Plaintiff is not required to present evidence of her claim at this stage, as discussed, supra, her factual allegations alone do not plausibly plead the equal protection violation. See Compl., passim; ECF No. 16 ¶ 4.

In light of the foregoing, Plaintiff's Section 1983 equal protection claims should be dismissed.

### e. Title VI

Title VI of the Civil Rights Act of 1964 ("Title VI"), provides that "that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. et seq.; Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 177 (2005). To state a claim for a Title VI violation, a plaintiff must allege that "(1) [the defendant] received federal financial assistance, (2) [the plaintiff] was an intended beneficiary of the program or activity receiving the assistance, and (3) [the defendant] discriminated against [the plaintiff] on the basis of race, color, or national origin in connection with that program or activity." Shin v. Am. Airlines Grp., Inc., No. 17 Civ. 2234 (ARR) (JO), 2017 WL 3316129, at *2 (E.D.N.Y. Aug. 3, 2017) (emphasis in the original) (quoting Commodari v. Long Island Univ., 89 F. Supp. 2d 353, 378 (E.D.N.Y. 2000), aff'd, 62 F. App'x 28 (2d Cir. Apr. 2, 2003)). As to the first two elements, a Title VI claim cannot proceed if it does not identify any "program or activity receiving Federal financial assistance[,]" James v. Am. Airlines, Inc., 247 F. Supp. 3d 297, 306 (E.D.N.Y. 2017) (citation omitted); see Rojas v. Port Auth. of N.Y. & N.J., No. 15 Civ. 6185 (NGG) (PK), 2016 WL 5921777, at *12 (E.D.N.Y. Oct. 11, 2016) (dismissing Title VI claim due to the plaintiff's failure to allege "the existence of any federal funding, much less the primary purpose thereof") (emphasis in original), and courts have held that Title VI claims may only be brought against institutional, but not individual defendants, because "the individual is not a recipient of federal funding[,]" Folkes v. New York Coll. of Osteopathic Med. of New York Inst. of Tech., 214 F. Supp. 2d 273, 292 (E.D.N.Y. 2002) (stating that even if the Title VI claim was otherwise sufficiently pleaded, it "would have to [be] dismissed as against [an individual defendant]"); see Sherman v. Harris, No.

15

11 Civ. 4385 (DLI) (JMA), 2012 WL 4369766, at *8 (E.D.N.Y. Sept. 24, 2012) (dismissing Title VI claims against individual defendants); Goonewardena v. New York, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007). As to the Title VI element requiring a plaintiff to plead racial discrimination in connection with the identified program or activity, "Second Circuit precedent requires that the allegations of racial animus be pled with particularity." T.C. v. Valley Cent. Sch. Dist., 777 F. Supp. 2d 577, 594-95 (S.D.N.Y. 2011) (citing Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 470 (2d Cir. 2006); see Lopez v. Bay Shore Union Free Sch. Dist., 668 F. Supp. 2d 406, 414 (E.D.N.Y. 2009)); see also H.B. v. Monroe Woodbury Cent. School Dist., No. 11 Civ. 5881 (CS), 2012 WL 4477552, at *14 (S.D.N.Y. Sept. 27, 2012) (collecting cases). As relevant here, this may include factual allegations showing the discrimination was intentional and that the discrimination was a substantial or motivating factor for the defendant's actions. See Valley Cent. Sch. Dist., 777 F. Supp. 2d at 594-95 (citing Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir.2001)); see also Weiss v. City Univ. of New York, No. 17 Civ. 3557 (VSB), 2019 WL 1244508 at *7 (S.D.N.Y. Mar. 18, 2019). At the outset, Plaintiff's Title VI claim appears to be made solely against the Defendant City; this is consistent with precedent requiring dismissal had it been made against an individual defendant. Compare Compl. ¶¶ 24-25 (stating in Count 2 that Plaintiff's Section 1983 claims are against all Defendants), id. ¶¶ 29-31 (stating same in Count 4 with respect to Plaintiff's state claims), with id. ¶¶ 26-28 (stating in Count 3 that Plaintiff's Title VI claim is against the City of New York); Sherman, 2012 WL 4369766, at *8; Folkes, 214 F. Supp. 2d at 292.

Yet, Plaintiff's allegations are insufficient to sustain Title VI liability even against the Defendant City. First, Plaintiff does not allege the federal-funding or program-and-activity elements of a Title VI claim. See Rojas, 2016 WL 5921777, at *12. Second, Plaintiff's

conclusory allegation that the City Defendant had a policy of removing African-American children lacks the requisite particularity to show race discrimination for the reasons discussed in Section IV.d, supra. See Weiss, 2019 WL 1244508 at *7; Valley Cent. Sch. Dist., 777 F. Supp. 2d at 594-95. Because Plaintiff has not sufficiently alleged that any Individual Defendant discriminated against her on the basis of race, see Section IV.d, supra, Plaintiff has not sufficiently alleged that the City Defendant is liable for such conduct under an alternative deliberate-indifference standard, see, e.g., Zeno v. Pine Plains Cent. Sch. Dist., 702 F.3d 655, 664 (2d Cir. 2012) (discussing the circumstances when Title VI deliberate indifference liability might apply to an employer defendant with actual knowledge of and substantial control over a third party's discriminatory conduct in connection with a qualifying federally funded program or activity). Assuming arguendo that Plaintiff had sufficiently alleged a Defendant City policy that treated her differently than similarly situated comparators of a different race in removing I.R. from her custody, given that she has not met the federal-funding and program-or-activity elements, her Title VI claim would still fail because Plaintiff is required to show discrimination in connection with the identified program or activity. See Shin, 2017 WL 3316129, at *2.

In light of the foregoing, Plaintiff's Title VI claims should be dismissed.

**f. Supplemental State Law Claims**

A court has discretion to decline to exercise supplemental jurisdiction over remaining state claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 85 (2d Cir. 2018). Although this discretionary analysis should meaningfully take into account various factors such as judicial economy, convenience, fairness, and comity, "in the usual case in which all federal-law claims are eliminated before trial, the balance of [these] factors . . . will point toward declining to

17

exercise jurisdiction over the remaining state-law claims." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 n.7 (1988)).  Given that this Court's recommended dismissal of Plaintiff's federal claims takes place at the pleading stage of this litigation, it finds that declining jurisdiction over the state claims would serve the principles of judicial economy, convenience, or fairness.  See 28 U.S.C. § 1367(c)(3); Villanueva v. City of New York, No. 08 Civ. 8793 (LBS), 2010 WL 1654162, at *11 (S.D.N.Y. Apr. 14, 2010) (finding it inappropriate to exercise jurisdiction over remaining state-law claims after dismissing the plaintiff's federal claims for failure to state a claim).  Assuming arguendo that it was appropriate for the Court to analyze Plaintiff's New York claims at this juncture, it notes that Plaintiff does not cite with any specificity the state laws that are the basis for them to permit review.  Plaintiff also does not address Defendants' argument that at least some of her New York claims require that she prove compliance with notice-of-claim requirements.

In light of the foregoing, Plaintiff's supplemental state law claims should be dismissed without prejudice for lack of subject matter jurisdiction.

**V. Conclusion**

For the reasons stated above, this Court respectfully recommends that the District Court grant Defendants' motion to dismiss Plaintiff's complaint without prejudice.  See Section IV, supra.  In the event the Court adopts the recommendation, this Court further recommends that Plaintiff be granted leave to file an amended pleading within thirty days of the Order if she can cure the legal and factual deficiencies identified herein such that she alleges a cognizable claim against each Defendant who she names.

## VI. Objections

A copy of this report and recommendation is being filed on ECF and the Court will also mail it to Plaintiff at 151-24 134th Avenue, Jamaica, New York 11434.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
        June 25, 2021

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

19